Memorandum. Judgment of conviction affirmed.
Defendants, who ran what are commonly referred to as Las Vegas Nights, purportedly under the sponsorship or on behalf of various charitable organizations, were convicted of six counts of promoting gambling in the second degree (Penal Law, § 225.05) and eight counts of possession of a gambling device (Penal Law, § 225.30). On this appeal, they have raised several points, two of which warrant discussion.
It is defendants’ contention that they were denied a fair trial by the consistent effort of the prosecutor to convince the jury that they were guilty of criminal acts not charged in the indictment. Specific reference is made to the attempts to establish that the charities involved received only 10% of the *713 proceeds, that cash was accepted by defendants’ employees at the gambling tables, that Las Vegas Nights were conducted without the knowledge and consent of the beneficiaries and that one of the charities involved was not satisfied with its share of the proceeds and terminated doing business with defendants.
We conclude that defendants were not denied a fair trial. Defendants were charged with promoting gambling in the second degree. Section 225.05 of the Penal Law provides that a person is guilty of such crime when he "knowingly advances or profits from unlawful gambling activity.” A person profits from gambling activity when, other than as a player, he "accepts or receives money * * * pursuant to an agreement or understanding with any person whereby he participates or is to participate in the proceeds of gambling activity” (Penal Law, § 225.00, subd 5). Thus, evidence that defendants were participating in the proceeds was pertinent. Moreover, evidence concerning the relatively small percentage of the proceeds which the charities received, and the eventual refusal of one of the charities to lend its name to the Las Vegas Nights, tended to show that the Las Vegas Nights were held primarily for the benefit of defendants, as well as the fact that it was actually defendants who were soliciting or inducing persons to participate, an element of advancing gambling activity (Penal Law, § 225.00, subd 4). Consequently, not only did the attempt of the prosecutor to introduce the evidence complained of not deprive defendants of a fair trial, but such evidence was relevant to the issues involved.
Defendants also contend that the People failed to make out a prima facie case on each of the counts charging possession of a gambling device. They point out that section 225.30 of the Penal Law prohibits the possession of a gambling device when the person possessing same believes that the device is to be used in the advancement of unlawful gambling activity. They argue that they believed the gambling activity to be lawful and, consequently, possession of the devices did not violate the statute. We cannot accept this reasoning. "Unlawful” is defined in subdivision 12 of section 225.00 of the Penal Law as "not specifically authorized by law.” Clearly, gambling activity of the type carried on is not authorized by law and is, in fact, even prohibited by section 9 of article I of the New York State Constitution. What the statute makes lawful is the possession of gambling devices where there is a belief that the devices *714 will be used for nongambling purposes or for gambling specifically permitted by law, such as bingo. One cannot evade the prohibition by simply asserting a belief that gambling activity such as here involved is lawful.
We have examined the other contentions raised by defendants and find them also to be without merit.
Concur — Hogan, P. J., Glickman and Pittoni, JJ.