Dear Mr. Broshot:
This opinion is in response to your request for a ruling on the following question:
 Does a `Las Vegas Night' held by a not-for-profit corporation for the purpose of raising funds for civic purposes constitute gambling and thus violate the provisions of Chapter 572, RSMo, 1978; and, if so, may the corporation and/or its officers be found in violation of § 572.030, and/or 572.040, RSMo 1978, relating to promotion of gambling?
You stated in your opinion request the following facts:
 A civic organization wishes to hold a "Las Vegas Night" in order to raise funds for use in the community. A "Las Vegas Night" is an affair where people play various games of chance (craps, roulette, twenty-one, bingo, etc.) wagering and winning play money on the outcome. Each person pays an entrance fee at the door and receives a quantity of play money to use, additional quantities of play money can be purchased during the night. The prices are in the range of $10.00 for $30,000.00 in play money and admission and $5.00 for an extra $30,000.00 in play money. At the close of the night an auction is held at which time donated prizes are auctioned off to the highest bidder. Bidding and payment are in terms of the play money. If a person has won a lot of play money during the evening, he has a better chance to gain a prize then one who hasn't.
Section 572.010(4), RSMo 1978, defines gambling as follows:
 [A] person engages in `gambling' when he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome.
Chapter 572, RSMo, does not state any exceptions or exclusions from its provisions. The fact that the gambling event described in your opinion request is designed to raise money for the community or for charity does not exempt the players or organizers from the provisions of Chapter 572. Furthermore, it is no defense that the promoters or players believe that the gambling activity is lawful. See People v.Berk, 373 N.Y.S. 201, 83 Misc.2d 711 (1975) which affirmed the conviction of two promoters of a "Las Vegas Night" for promoting gambling in the second degree and possession of a gambling device.
An examination of your description of a "Las Vegas Night" indicates that a participant pays or risks an amount of money with the expectation that at the end of the night he can, if he is lucky, redeem his play money for an item of value. Thus, your description fits the definition of gambling as defined above. See State v. One Jack Jill Pinball Machine,224 S.W.2d 854, 860 (Mo.App., Spr.D. 1949), which states that gambling has three necessary elements: (1) consideration or risk, (2) chance and (3) reward or prize.
The answer to your second question regarding whether the corporation or its officers can be found in violation of §§ 572.030 or 572.040, RSMo 1978, depends primarily upon the circumstances of the gambling operation.
Section 572.030, RSMo 1978, states:
 A person commits the crime of promoting gambling in the first degree if he knowingly advances or profits from unlawful gambling or lottery activity by:
 (1) Setting up and operating a gambling device to the extent that more than one hundred dollars of money is gambled upon or by means of the device in any one day, or setting up and operating any slot machine; or
 (2) Engaging in bookmaking to the extent that he receives or accepts in any one day more than one bet and a total of more than one hundred dollars in bets; or
 (3) Receiving in connection with a lottery or policy or enterprise:
 (a) Money or written records from a person other than a player whose chances or plays are represented by such money or records; or
 (b) More than one hundred dollars in any one day of money played in the scheme or enterprise; or
 (c) Something of value played in the scheme or enterprise with a fair market value exceeding one hundred dollars in any one day.
 2. Promoting gambling in the first degree is a class D felony.
Section 572.040. RSMo 1978, states:
 1. A person commits the crime of promoting gambling in the second degree if he knowingly advances or profits from unlawful gambling or lottery activity.
 2. Promoting gambling in the second degree is a class A misdemeanor.
Section 572.040, is aimed at the small scale promoter who commits the crime by knowingly advancing or profiting from gambling or lottery activity. Thus, the two methods of promotion proscribed by statute are advancing gambling and profiting from gambling. Guilt requires a showing that the defendant knew to a substantial certainty that his activities would advance unlawful gambling or that he would profit from unlawful gambling. The first, advancing gambling, is defined in § 572.010(1), RSMo 1978. One does not advance gambling by merely acting as a player, but if one goes beyond the actions of a player and intentionally aids the gambling activity in some other way, he will be subject to punishment under § 572.030 or § 572.040. The second method, profiting from gambling, is defined in § 572.010(10) as receiving money or property, other than as a player, as proceeds from unlawful gambling based upon an agreement to that effect. A person may profit from gambling activity without advancing that activity. Any person not in the pure "player" category who voluntarily provides what he knows will be material aid in the creation or operating of a gambling scheme or who allows property owned, possessed, or controlled by him to be used for gambling or who receives gambling proceeds by a virtue of an understanding to that effect may be guilty of promoting gambling in the second degree.
If certain aggravating factors are added, second degree promotion of gambling is raised to first degree promotion of gambling under § 572.030. Again the initial act required is advancing or profiting from gambling. It is apparent that the aim of the first degree offense is to reach those who exploit the urge to gamble on a more significant scale. For this reason, the statute (in all but one instance) sets a minimum dollar amount which must be gambled before a person can be guilty of first degree promotion of gambling by committing one of the aggravating factors described in the statute.
The requirement that the defendant advance or profit from gambling in the specified ways and amounts distinguishes first degree from second degree promotion of gambling. Another distinction exists with regard to the penalty. Second degree promotion of gambling provides a misdemeanor penalty while promoting gambling in a first degree provides a felony penalty.
Under the provisions of § 562.056.1 RSMo 1978, a corporation is guilty of an offense if:
 (2) The conduct constituting the offense is engaged in by an agent of the corporation while acting within the scope of his employment and in behalf of the corporation, and the offense is a misdemeanor or an infraction, or the offense is one defined by a statute that clearly indicates a legislative intent to impose such criminal liability on a corporation; or
 (3) The conduct constituting the offense is engaged in, authorized, solicited, requested, commanded, or knowingly tolerated by the board of directors or by a high managerial agent acting within the scope of his employment and in behalf of the corporation.
Since a violation of § 572.030 is a class D felony offense a corporation can only be found in violation if the facts support a claim under subparagraph (3) of Subsection 1 of § 562.056 which requires knowledge and toleration of the illegal activity on the part of the board of directors or a high managerial agent acting within the scope of his employment and in behalf of the corporation.
Any officer of a corporation who promotes an illegal gambling operation could be liable under either § 572.030 or572.040 because pursuant to the provisions of § 562.061 an officer or agent of a corporation is ". . . criminally liable for conduct constituting an offense which he performs or causes to be performed in the name of or in behalf of a corporation . . . as if such conduct were performed in his own name or behalf."
CONCLUSION
Therefore, it is the opinion of this office a "Las Vegas Night" held by a not-for-profit corporation constitutes gambling in violation of the provisions of Chapter 572, RSMo 1978; and that the corporation and its officers may be found in violation of §§ 572.030 or 572.040, RSMo 1978, which prohibit the promotion of gambling.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, Jerry Short.
Very truly yours,
 JOHN ASHCROFT Attorney General